**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
### FOR THE THIRD CIRCUIT
_____

No. 26-1772
_____

IN RE: ZIA H. SHAIKH,
                                    Petitioner

_____

On a Petition for Writ of Mandamus to the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 3:25-cv-18698)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 14, 2026
Before:  SHWARTZ, FREEMAN, and CHUNG, *Circuit Judges*

(Opinion filed June 4, 2026)
_____

OPINION*
_____

PER CURIAM

 Zia Shaikh has filed numerous pro se actions concerning his divorce, custody

proceedings, and loss of professional licenses. He is the subject of filing injunctions

entered in the District of New Jersey (the DNJ). Shaikh filed in New York a civil RICO

action against his ex-wife (and her family), judges in New Jersey and Massachusetts, and

many others.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

The RICO action was transferred to the DNJ. By then, the DNJ had entered another filing injunction. In light of that filing injunction, Shaikh's litigation history and what the District Court deemed to be an abuse of the privilege of proceeding in forma pauperis (IFP), the District Court directed him to show cause why IFP status should not be denied in the RICO action and in two other cases pending in the DNJ.

After considering Shaikh's response, the District Court entered an order denying his IFP motion, denying as moot his pending motions for injunctive relief, and closing the RICO case subject to reopening if Shaikh were to pay the filing fees within thirty days. Shaikh did not within that thirty-day period pay the filing fees or file a notice of appeal. Instead, he tried to file a motion for reconsideration—the District Court refused to docket it—and, in this Court, filed a pro se petition for a writ of mandamus.

In his petition, as supplemented, Shaikh seeks an order directing the District Court to address the substance of his motion to temporarily enjoin the federal government's enforcement of 42 U.S.C. § 652(k) (outlining passport restrictions for persons with state-certified child support arrearage exceeding $2,500). That was one of the motions the District Court denied as moot after denying Shaikh leave to proceed IFP. It is thus inaccurate for Shaikh to assert that the motion "was never adjudicated." Doc. 1-1 at 5.

In any event, the mandamus petition is denied because Shaikh fails to show a clear right to relief. *See Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (per curiam). All pending motions are denied.